UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DARIUS GLOVER, *Prisoner Identification No. 304-6588*,

    Plaintiff,

v.

EASTERN CORRECTIONAL INSTITUTION,
OFFICER B. SHARP and
MAIL ROOM EAST SIDE,

    Defendants.

Civil Action No. TDC-15-0598

## MEMORANDUM OPINION

This claim brought pursuant to 42 U.S.C. § 1983 is before the Court on Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Having reviewed the briefs and supporting documents, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the following reasons, the Motion to Dismiss is GRANTED as to Defendants Eastern Correctional Institution ("ECI") and Mail Room East Side, and the Motion, construed as a Motion for Summary Judgment, is GRANTED as to Defendant Officer Sharp.

### BACKGROUND

In his Complaint, Plaintiff Darius Glover, an inmate at ECI, alleges that Officer Sharp has "falsely" written Glover up and also "plant[ed] stuff in my cell." Compl. at 3. Glover asserts that Officer Sharp is retaliating against him and has told Glover that "he has made this personal." *Id.* Glover also asserts that unnamed individuals in the prison are "keeping [his] mail." *Id.* Glover acknowledges that there is a grievance procedure at ECI and asserts that he

filed a request for an administrative remedy ("ARP") about these issues, but claims that he was told that his complaints were "not grievable." *Id.* at 2.  Glover seeks unspecified money damages, injunctive relief to prevent retaliation, and transfer to another facility.

On June 29, 2015, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment in response to Glover's Complaint. They attach to that Motion the sworn statement of Officer Sharp in which he asserts that he has not written any disciplinary tickets against Glover and has not otherwise retaliated against him. Defendants attach three additional sworn statements. First is the statement of Sergeant Michelle Switalski, the Litigation Coordinator at ECI, who avers that Officer Sharp has written no disciplinary tickets against Glover and that Glover has not been issued any disciplinary tickets for having contraband in his cell. Second is the statement of Evan Ward, the Administrative Remedy Coordinator for ECI, who states that Glover submitted only one ARP in 2015, that it contained no allegations against Officer Sharp, and that Glover has never submitted an ARP against Officer Sharp. Third is the statement of Scott S. Oakley, Executive Director of the Inmate Grievance Office ("IGO"), who states that as of June 17, 2015, Glover had not appealed the denial of any ARPs to the IGO.

Defendants include a copy of the 2015 ARP submitted by Glover. In that complaint, Glover states that on March 10, 2015, he was temporarily moved from his cell to another portion of the prison, and that as part of that move, his belongings were packed by Officer Arndt. Glover asserts that when he returned to his cell on March 20, 2015, his address book and some personal photographs were not returned to him. On April 25, 2015, Glover withdrew that ARP.

On July 7, 2015, the Court sent Glover a letter informing him that he must file a timely written response to Defendants' Motion or face dismissal of the case. The Court included with the letter a copy of Federal Rule of Civil Procedure 12, which provides guidance relating to a

2

motion to dismiss, and Federal Rule of Civil Procedure 56, which describes the procedures and evidentiary standards applicable to a response to a motion for summary judgment. Despite receiving that notification, Glover has neither responded to Defendants' Motion nor submitted any additional materials to the Court.

## DISCUSSION

### I. Claims Against ECI and Mail Room East Side

To sustain an action under 42 U.S.C. § 1983, a plaintiff must demonstrate that: (1) the plaintiff suffered a violation of a right secured by the Constitution or laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Neither ECI nor the Mail Room East Side is a "person" within the meaning of § 1983. ECI is part of the Maryland Department of Public Safety and Correctional Services, which is a "principal department of the State government." Md. Code Ann., Corr. Servs. § 2-101 (2016). ECI is therefore an arm of the State of Maryland and thus is not a "person" within the meaning of § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). As for Mail Room East Side, it does not appear that any such legal entity exists or, if it does, that it is distinct from ECI itself. Therefore, Mail Room East Side is not a "person" that can be sued pursuant to § 1983. *See id.* Because neither ECI nor Mail Room East Side are "persons" within the meaning of § 1983, both must be dismissed as defendants.

### II. Claims Against Officer Sharp

Among other arguments, Officer Sharp asserts that he is entitled to dismissal of the Complaint because Glover has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §§ 1997e (2012), before filing a § 1983 action regarding prison conditions, a prisoner must properly exhaust available administrative remedies.

3

42 U.S.C. § 1997e(a); *Moore v. Bennette*, 517 F.3d 717, 725–26 (4th Cir. 2008). This exhaustion requirement mandates that prisoners complete the administrative review process in accordance with the applicable procedural rules before filing a claim in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Courts have no discretion to dispense with the exhaustion requirement in lawsuits where the PLRA applies. *See id.* at 85.

If a plaintiff's failure to exhaust is clear from the face of the Complaint, or is based on information of which the Court can take judicial notice, the Court may grant the Motion to Dismiss. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding that exhaustion is an affirmative defense, such that inmates need not plead or demonstrate it in their complaints). That is not the case here. Glover asserts that he filed an ARP based on the claims he makes in his Complaint, and Officer Sharp bases his exhaustion argument on evidence that he appends to his Motion. If a defendant raises an exhaustion argument based on matters outside the pleadings, the Court may consider that argument only by treating the defendant's motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d) (requiring the Court to treat a motion to dismiss as one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court").

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). However, "the nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Here, Glover has not made such a request. Indeed,

Glover has not responded at all to the Motion, even though the Court specifically informed him that the Motion was pending, gave instructions on how to respond, and notified him of the potential consequences of a failure to respond. Because Glover has been given an opportunity to request discovery or to respond with competent evidence of his own but has not done so, the Court may properly construe Defendants' Motion as a motion for summary judgment on the issue of administrative exhaustion. *See Moore*, 517 F.3d at 725–26 (holding that a court may dismiss a PLRA claim based on failure to exhaust administrative remedies if the plaintiff "was afforded an opportunity to respond to the defendant['s] contentions that he had failed to exhaust his administrative remedies").

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Felty v. Grave–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A material fact is one that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted). A dispute of material fact is only "genuine" if sufficient

evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

To exhaust administrative remedies on this type of matter, inmates in a Maryland correctional facility need to follow a three-step process: "the inmate files a request for remedy with the warden, then appeals a denial to the Commissioner of Corrections, and finally appeals any subsequent denial to the Inmate Grievance Office." *See Blake v. Ross*, 787 F.3d 693, 697 (4th Cir. 2015). An ARP must be filed with the warden within 30 days of the incident. Administrative Remedy Policy, Division of Correction Directive No. 185-002 § VI.L.3 (2008). If the ARP is denied, the inmate has 30 days to appeal to the Commissioner of Correction. *Id.* § VI.M.1. If that appeal is denied, the inmate must appeal to the IGO within 30 days. *Id.* § VI.N.1; Md. Code Regs. 12.07.01.02.D & 12.07.01.05.B (2015).

The uncontradicted evidence in this case establishes that Glover filed one ARP, which he then withdrew, and that that ARP did not contain the allegations he now makes against Officer Sharp. He has filed no appeals of ARPs to the IGO. Glover has therefore failed to exhaust his administrative remedies on his claims against Officer Sharp. The Motion for Summary Judgment is granted.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss is GRANTED as to Defendants Eastern Correctional Institution ("ECI") and Mail Room East Side, and the Motion, construed as a Motion for Summary Judgment, is GRANTED as to Defendant Officer Sharp. A separate Order shall issue.

Date: February 17, 2016

THEODORE D. CHUANG
United States District Judge